IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**TIERRA LAND**                                                                                    **PLAINTIFF**

v.                              **CASE NO. 4:20-CV-00718-BSM**

**FRENCH QUARTER PARTNERS LLC,** *et al.*                         **DEFENDANTS**

## ORDER

Defendants' motion to compel arbitration and stay these proceedings [Doc. No. 8] is granted and defendants' motion to dismiss for lack of jurisdiction [Doc. No. 10] is denied.

## I. BACKGROUND

Tierra Land entered into a contract with French Quarter Partners LLC to work as an exotic dancer. Indep. Contractor Agreement, Doc. No. 8-1. The contract provides that all claims and disputes arising under it or relating to it are to be arbitrated pursuant to the Commercial Arbitration Rules of the American Arbitration Association (AAA)." *Id*. ¶ 4.

Land filed this lawsuit against defendants, who now move to compel arbitration pursuant to the contract. In response, Land argues that the arbitration agreement should not be enforced because it is unconscionable. Resp. Mot. Compel Arb. at 4, Doc. No. 14. She contends that arbitrations of employment claims like hers should proceed under AAA's Employment Arbitration Rules, rather than under the AAA Commercial Arbitration Rules, as required by the contract. *Id.* at 3, 6.

## II. LEGAL STANDARD

Motions to compel arbitration are analyzed under either Federal Rule of Civil

Procedure 12(b)(6) or Rule 56.  *City of Benkelman, Nebraska v. Baseline Eng'g Corp.*, 867 F.3d 875, 881 (8th Cir. 2017) (acknowledging that the "motion does not sit squarely on all fours with either rule").  When parties submit matters outside the pleadings, it is appropriate to construe a Rule 12(b)(6) motion as one for summary judgment.  *Id.*  Summary judgment may be granted when the evidence, viewed in the light most favorable to the non-moving party, presents no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law."  *Garrison v. ConAgra Foods Packaged Foods, LLC*, 833 F.3d 881, 884 (8th Cir. 2016).

### III.  DISCUSSION

Arbitration is a matter of contract.  *Rent–A–Center, West, Inc. v. Jackson*, 561 U.S. 63, 67 (2010).  An arbitration agreement "shall be valid, irrevocable, and enforceable save upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2.  An arbitration agreement is presumptively enforceable when it is in writing and involves commerce, as long as the aggrieved party can effectively vindicate her statutory rights through arbitration.  9 U.S.C. § 2; *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S.79, 90 (2000).  Any doubts concerning the permissibility of arbitrating particular issues should be resolved in favor of arbitration.  *Wilson v. Career Educ. Corp.*, 2011 WL 6012172 at *1 (E.D. Mo. Dec. 2, 2011).  It is permissible for an arbitration agreement to refer threshold questions of arbitrability to an arbitrator.  *Rent–A–Center, West*, 561 U.S. at 68–69.

It is undisputed the parties entered into a written arbitration agreement involving

commerce. Land, however, argues that the arbitration agreement is unenforceable because it is unconscionable. Resp. Mot. Compel Arb. at 6. She contends that disputes arising out of her contract should be governed by AAA's Employment Arbitration Rules and not AAA's Commercial Arbitration Rules. *Id.* at 3. Under the Commercial Arbitration Rules, Land claims she would have to pay $15,000 to prosecute her claim, while she would only incur an expense of $300 under the Employment Arbitration Rules. *Id.* at 3–4.

Although Land makes a fair argument, this court lacks authority to make that determination because the parties' contract incorporates the Commercial Arbitration Rules, which give the arbitrator "the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope, or validity of the arbitration agreement or to the arbitrability of any claim or counterclaim." Am. Arb. Ass'n, Commercial Arbitration Rules & Mediation Procedures R-7 (2016). Consequently, issues of arbitrability are reserved for the arbitrator. *See, e.g., Fallo v. High–Tech Inst.*, 559 F.3d 874, 878 (8th Cir.2009). Land must therefore assert her unconscionability arguments to the arbitrator.

## IV.  CONCLUSION

For the foregoing reasons, defendants' motion to compel arbitration is granted and this case is stayed pending the outcome of the arbitration proceedings.

IT IS SO ORDERED, this 13th day of October, 2020.

*Brian S. Miller*
UNITED STATES DISTRICT JUDGE